NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 5, 2021[*]
Decided February 5, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1084

| | |
|---|---|
| SHUNG MOORE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:17-cv-943-NJR-RJD |
| AUGUSTA G. WILLIAMS, *Defendant-Appellee*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Shung Moore, an Illinois prisoner, appeals from an entry of summary judgment on his claim that Augusta Williams, a nurse who examined Moore and arranged for antibiotic treatment, was deliberately indifferent to his health in violation of the Eighth Amendment. Because no jury could conclude that the nurse recklessly ignored Moore's medical needs, we affirm the judgment.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

This case centers on one week in April 2015. Because we are reviewing an appeal from summary judgment, we recite the facts in the light most favorable to Moore. *See Murphy v. Wexford Health Sources Inc.*, 962 F.3d 911, 913 (7th Cir. 2020). On April 10, Moore wanted medical attention for what he thought was a recurrence of a methicillin-resistant staphylococcus aureus (MRSA) infection. The next day, Moore saw Williams passing his cell, but she did not respond to his request to stop. An officer heard Moore's request, talked to him, and scheduled an appointment the next morning, at which time Williams examined Moore. She took detailed notes, observed that he had pain, redness and swelling on the left side of his face and nape of his neck, and an abscess, but said that she did not believe the cause was MRSA. Moore requested antibiotics and other drugs. Williams responded that he could receive antibiotics only from a doctor. About three hours later, Williams called Dr. John Trost and asked him to prescribe antibiotics. She also scheduled Moore for an appointment with him the next day, April 13.

Moore did not show up for his April 13 appointment; he attests that he was too ill to leave his cell. He did not receive medication until April 16, when he next saw another nurse for unrelated reasons. That nurse told Moore that it appeared from his chart that he received an antibiotic on April 12. Moore replied that he had not, so the nurse contacted Dr. Trost, who again prescribed the antibiotic, which the nurse then provided along with pain relievers and hygiene items. Moore saw Dr. Trost later that afternoon. The doctor prescribed a different antibiotic and scheduled Moore for a return visit the next day. At that second visit, Dr. Trost gave Moore ibuprofen, gel shampoo, and lotion to ease his symptoms. The treatment succeeded, and the infection cleared.

Moore sued Williams, Dr. Trost, and other prison officials under 42 U.S.C. § 1983. As relevant here, he alleged that Williams delayed and denied him treatment for his MRSA infection in violation of the Eighth Amendment. After the other defendants were dismissed, Williams moved for summary judgment. A magistrate judge recommended granting the motion, and the district court accepted the recommendation. It accepted that Moore's MRSA was an objectively serious condition, but no evidence suggested that Williams had been deliberately indifferent to that condition: She saw Moore the day after his initial complaint, examined him, and reasonably called the doctor to prescribe antibiotics while also scheduling him for a follow-up appointment the next day; he did not seek medical attention from her after that day.

On appeal, Moore challenges only the entry of summary judgment on his claim against Williams. To overcome summary judgment, Moore must provide evidence from which a reasonable jury could conclude that he was exposed to an objectively serious

medical condition and that Williams was deliberately indifferent to it. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). Williams does not contest that Moore's MRSA infection was objectively serious, so the only question is whether Moore marshalled sufficient evidence that she was deliberately indifferent to it. He has not.

Moore primarily argues that the three-hour gap between Williams's exam and her call to Dr. Trost evinces deliberate indifference to his condition. A medical officer is deliberately indifferent if she knew about but recklessly ignored a substantial and easily avoidable medical danger. *See Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 830 (7th Cir. 2009). Williams knew that Moore had some pain, redness, and swelling, but she reasonably responded by calling Dr. Trost for antibiotic treatment and scheduling Moore for an appointment the next day. Although she placed the call three hours after seeing Moore, Moore furnishes no evidence suggesting that she knew that an immediate call would have eased his symptoms materially sooner. Without evidence that the defendant knew that a short delay in delivering treatment would needlessly and substantially prolong a dangerous medical condition, the delay itself does not violate the Eighth Amendment. *See Burton*, 805 F.3d at 785 (ruling that a two-day delay in delivering pain medication did not, by itself, show "a culpable mental state"). Moore replies that Williams could have called Dr. Trost immediately, just as the other nurse did. But the Constitution does not mandate immediate care. *See Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009).

Moore also complained about Williams in two other respects. First, he challenged her refusal to come to his cell when he called out to her as she passed his cell on April 11. But even if she heard him, the record does not suggest that he mentioned any serious medical issues as he called out to her, so she could not have been deliberately indifferent. Second, he complains about delays in his care after April 12. But he supplies no evidence that Williams had (or should have had) any involvement after her call to Dr. Trost on that day. The record does not suggest that she knew that Moore did not receive the prescribed antibiotic on April 12 or that she had any role in rescheduling his later appointments. Moore argues that this void supports his claim because she should have ensured that he received the prescribed medication. But this is an argument for strict liability or negligence, not deliberate indifference. *See Petties*, 836 F.3d at 728. In any case, Williams could have reasonably concluded that Moore would see Dr. Trost the following day, when she scheduled his appointment, so she had no reason to intervene.

We therefore AFFIRM the judgment of the district court.